UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

PAMELA A. VAN DEN ENG, individually
and as a personal representative of the
ESTATE OF PATRICK J. VAN DEN ENG,

        Plaintiff,

    v.                                            Case No. 03-C-0504

THE COLEMAN COMPANY, INC., and
ABC INSURANCE COMPANY,

        Defendant.

---

KAREN DROSSART, individually and as
personal representative of the
ESTATE OF DEAN DROSSART,

        Plaintiff,

    v.                                             Case No. 03-C-1392

THE COLEMAN COMPANY, INC.,

        Defendant.

---

**MEMORANDUM AND ORDER**

---

      Plaintiff Pamela Van Den Eng has noticed the deposition of Kenneth Bell, Defendant Coleman Company's Senior Vice President for Product Regulatory Compliance and Product Litigation. Between 1992 and 1996, Bell corresponded with the Consumer Product Safety Commission (CPSC) regarding Coleman's portable propane radiant heaters. Plaintiff seeks to depose him about that correspondence. However, Coleman has moved to quash the notice because

Bell served as its in-house counsel during the relevant time period, and because he serves as a senior executive of the company now. For the following reasons, Coleman's motion will be denied.

Generally, a party may obtain discovery regarding any matter, not privileged, that is relevant to the claim or defense of any party.[1] Fed. R. Civ. P. 26(b)(1). Nevertheless, Fed. R. Civ. P. 26(c) permits this court to enter a protective order "to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." Decisions on the propriety of protective orders are entrusted to the sound discretion of the district court. *Wollenburg v. Comtech Mfg. Co.*, 201 F.3d 973, 977 (7th Cir. 2000). A protective order may be appropriate where

> (i) the discovery sought is unreasonably cumulative or duplicative, or is obtainable from some other source that is more convenient, less burdensome, or less expensive;
>
> (ii) the party seeking discovery has had ample opportunity by discovery in the action to obtain the information sought; or
>
> (iii) the burden or expense of the proposed discovery outweighs its likely benefit, taking into account the needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake in the litigation, and the importance of the proposed discovery in resolving the issues.

Fed. R. Civ. P. 26(b)(2). Available remedies include orders

> (1) that the disclosure or discovery not be had;
>
> (2) that the disclosure or discovery may be had only on specified terms or conditions, including a designation of the time or place;

---

[1] The court has previously held that information regarding all of Coleman's portable propane radiant heaters is relevant to this case. (Order of August 25, 2004 at 2-3.) Coleman does not and cannot contend that Bell's communications with the CPSC are privileged. As in-house counsel, Bell is no doubt privy to information protected by the attorney-client privilege or the work product doctrine. However, the mere fact that a witness is privy to some privileged information does not warrant preclusion of his deposition *in toto*. *See Radiant Burners, Inc. v. American Gas Assoc.*, 320 F.2d 314, 324 (7th Cir. 1963).

2

> (3) that the discovery may be had only by a method of discovery other than that selected by the party seeking discovery; [or]
>
> (4) that certain matters not be inquired into, or that the scope of the disclosure or discovery be limited to certain matters.

*Id.*

Ordinarily, a party seeking a protective order has the burden of showing that good cause exists for its entry. *Daiei, Inc. v. Ball Corp.*, 198 F.R.D. 658, 660 (S.D. Ind. 2001). Coleman, however, seeks to impose on plaintiff the burden–and a heightened one at that–of justifying Bell's deposition. Coleman cites *Shelton v. American Motors Corp.*, 805 F.2d 1323 (8th Cir. 1986), in support of the proposition that a party should not be permitted to depose another party's attorney unless "(1) no other means exist to obtain the information than to depose opposing counsel; (2) the information sought is relevant and nonprivileged; and (3) the information is crucial to the preparation of the case." *Id*. at 1327. The Seventh Circuit, however, has never adopted *Shelton*, and district courts within it have split on whether *Shelton* should be applied. *See, e.g., SEC v. Buntrock*, 217 F.R.D. 441, 445 (N.D. Ill. 2003) (following *Shelton* and quashing deposition notice); *Advance Systems, Inc. v. APV Baker PMC, Inc.*, 124 F.R.D. 200, 201 (E.D. Wis. 1989) (same); *but see aaiPharma, Inc. v. Kremers Urban Dev. Co.*, 361 F. Supp. 2d 770, 775 (N.D. Ill. 2005) ("[T]he Court declines to require that Defendants meet the heavy burden of *Shelton* in order to obtain discovery from MBHB. The Court factors MBHB's status as trial counsel and the associated risks of obtaining discovery from trial counsel into its analysis of AAI and MBHB's Motion to Quash under the Federal Rules of Civil Procedure."); *Kaiser v. Mutual Life Ins. Co.*, 161 F.R.D. 378, 382

(S.D. Ind. 1994) ("[W]e do not believe that depositions of counsel are so rarely justified or so great a phenomenon as to warrant imposing a stricter standard for their allowance.").

Many of the cases applying *Shelton* involve attempts to depose a party's trial counsel. Depositions of trial counsel implicate concerns such as disrupting the effective operation of the adversarial system and disqualification of counsel due to their testimony as witnesses that are not present when in-house counsel is deposed.[2] *Kaiser*, 161 F.R.D. at 381. For that reason, even the Eighth Circuit has limited its own holding in *Shelton* to depositions of trial counsel concerning the case at hand. In *Pamida, Inc. v. E.S. Originals, Inc.*, 281 F.3d 726 (8th Cir. 2002), Pamida sought indemnification from various defendants after Pamida incurred substantial liability in a patent infringement action. Pamida was represented by the same counsel that had represented it in the infringement action. One of the defendants sought to depose Pamida's counsel. The court held that *Shelton* applied only insofar as the deposition concerned counsel's representation of Pamida in the indemnification action. *Pamida*, 281 F.3d at 730-31 ("[T]he *Shelton* test applies only to the instant case, not to the concluded case. Dynasty need not satisfy *Shelton* to depose the LHDL attorneys regarding information involving the concluded patent infringement case."). Because Bell is not Coleman's trial counsel in this case, the court declines to apply the *Shelton* standard.

Coleman also argues that Bell's status as a senior executive excuses him from sitting for a deposition unless plaintiff shows that (1) Bell has unique and special knowledge of the facts at issue and (2) plaintiff has exhausted other less burdensome avenues for obtaining the information. (Def.'s

---

[2]Other concerns, such as discouraging frank attorney-client communication and spawning collateral litigation over privileges, apply whether the counsel whose deposition is sought is trial or in-house.

4

Br. at 15.)  Coleman again cites no Seventh Circuit authority for this so-called "apex doctrine."[3]

Even assuming that the apex doctrine is applicable, as Coleman's correspondent with the CPSC, Bell has unique knowledge concerning Coleman's interaction with that body.  Plaintiff further notes that the other Coleman employee involved in the CPSC inquiry, Randy May, did not remember or never knew about some aspects of the inquiry (Weber Decl., Exs. 4-5), and that CPSC employees are not readily subject to discovery.[4]  *See* 16 C.F.R. § 1016.4. "(No Commission employee shall testify in his or her official capacity in any private litigation, without express authorization from the Commission's general counsel.")  Under such circumstances, plaintiff cannot reasonably turn to anyone other than Bell for her desired discovery.

Coleman finally argues that if plaintiff is permitted to take discovery from Bell, that discovery should be taken by interrogatories or a deposition upon written questions, not by a deposition upon oral examination.  These alternative methods may be less burdensome for Bell–indeed, such methods will almost always be less burdensome for deponents.  Nevertheless, because an oral deposition (which allows follow-up questions and requires spontaneous responses) is often superior to other means of discovery, the burden that such a deposition imposes on the deponent is not sufficient to warrant a protective order.  *Goldberg v. Raleigh Mfrs., Inc.*, 28 F. Supp. 975 (D. Mass. 1939).  The court is also unconvinced that Coleman's alternative methods will make

---

[3] A number of the cases Coleman cites address attempts to depose senior executives with no personal knowledge of the matters at issue.  Not surprisingly, courts have resisted such attempts. *See, e.g., Thomas v. IBM*, 48 F.3d 478, 483 (10th Cir. 1995) (holding that plaintiff who had not attempted to depose her direct supervisors was not entitled to depose CEO of IBM, who was not even aware that she was employed by company, on employment discrimination claim).

[4] Even absent the restrictions of 16 C.F.R. § 1016.4, the court would not consider a non-party deposition to be a less burdensome avenue for obtaining information.

5

the discovery process more efficient for the parties and the court. Objections based on privilege are likely to arise at Bell's deposition, and these may be resolved contemporaneously by telephone conference rather than by motion practice if the deposition is one upon oral examination. For all these reasons, Coleman's motion for a protective order will be denied.

Plaintiff has also moved to amend her complaint to add a claim for punitive damages. Fed. R. Civ. P. 15(a) requires plaintiff to secure leave of this court to amend, but provides that such leave "shall be freely given when justice so requires." While the matter is entrusted to the sound discretion of the district court, the Supreme Court has held that

> [i]n the absence of any apparent or declared reason–such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc.–the leave sought should, as the rules require, be "freely given."

*Foman v. Davis*, 371 U.S. 178, 182 (1962).

Coleman argues that leave to amend should be denied on grounds of undue delay, given that this case is over two years old. Plaintiff attributes the delay to the fact that it did not discover conduct supporting a punitive damages claim until well into the discovery process. Plaintiff should not be penalized for not making allegations she could not support at the outset of the case. Coleman also argues that any amendment would prejudice it because discovery in this case closes shortly. Coleman does not specify, however, what discovery it would need to take in order to defend against a claim for punitive damages. It is not at all apparent that any additional discovery would be needed. Finally, Coleman argues that plaintiff's punitive damages claim is futile because it lacks factual support. The court cannot make such a determination on the record as it stands.

6

Accordingly, plaintiff's motion for leave to amend will be granted.

**IT IS THEREFORE ORDERED** that defendant's motion for protective order (Docket #93) is hereby **DENIED.**

**IT IS ALSO ORDERED** that plaintiff's motion for leave to amend (Docket #90) is **GRANTED.**

Dated this   23rd   day of September, 2005.

s/ William C. Griesbach
William C. Griesbach
United States District Judge
