# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

PAMELA VAN DEN ENG,

    Plaintiff,

v.                                    Case No. 03-C-504

THE COLEMAN COMPANY, INC.,

    Defendant.

## DECISION AND ORDER

Coleman has filed a motion for a protective order to prevent a second deposition of Kenneth Bell, a Coleman vice-president responsible for litigation and regulatory compliance. It also moves to quash a notice of deposition plaintiff filed as to Randall May. Both motions will be granted.

Plaintiff seeks to depose Bell again based on new evidence it claims was provided when Coleman was ordered to produce the "Section 15 Report" as well as Exhibit 202, a compilation of heater accident data. Coleman responds that the vast majority of the Section 15 Report had already been provided to the plaintiff before it was ordered disclosed. The only relevant information disclosed more recently was a 1999 letter from Heather Van Dever, a legal assistant, which the plaintiff apparently believes is crucial to her attempt to compare two different lines of Coleman heaters. In the letter, plaintiff believes that Van Dever discusses similarities between the Powermate 5014 and the Focus 5015A and 5015B models. (Docket No. 290, Weber Decl., Ex 1 at 7.) By equating the Focus and Powermate lines, plaintiff argues, Coleman has admitted that accidents caused by Focus heaters are relevant to the dangerousness of its Powermate line, the heater (model 5012) at issue in this case.

But Coleman responds that the letter does no such thing. It explains that a model called 5014-751 is made exclusively for Home Depot, and that a comparable heater would be the 5015B, which is a newer model of the 5015A. It states that there have been only minor changes between the 5015B and 5015A – "nothing that would affect the results of emissions testing." (*Id.*) While the letter discusses (in passing) similarities between the two different 5015 heaters, it does not state that there is any equivalency between any Powermate heaters at issue in this case and any other heaters. It is not, in other words, a smoking gun. Thus, there is nothing in the newly disclosed information that would provide good cause for allowing another deposition. Moreover, even if the letter did equate Powermate heaters with Focus heaters, it is unclear how that would provide justification for an additional deposition of Kenneth Bell. Plaintiff could have asked Bell about similarities between the heaters (which seems a very crucial aspect of their theory of the case) regardless of what might have been contained in a 1999 letter written by someone else. Plaintiff declined the opportunity to depose Ms. Van Dever, the author of the letter in question. Whether the Powermate line is meaningfully similar to the Focus line may be a crucial aspect of plaintiff's case, but there is nothing in the single sentence the plaintiff cites in the Van Dever letter that would provide a reasonable basis for reopening discovery and allowing further deposition testimony.

As to the accident report ordered produced (Exhibit 202), again it is doubtful that Bell would be able to provide any information of use. The exhibit was ordered produced only because I concluded that Randall May might have referred to the exhibit to prepare for an earlier deposition. May has testified that he never saw the document before, and there is no indication that Bell had anything to do with its compilation. Accordingly, I see no reason to allow another deposition of Bell.

2

The same holds true for Randall May. As noted, he has denied that he ever looked at the accident report summary, and it is unclear what information he could provide about the summary's compilation. And, as noted above, there is nothing in the newly disclosed Van Dever letter that would justify another round of inquiry after the close of discovery.

Accordingly, IT IS ORDERED that Coleman's motions (Docket Nos. 281 and 285) are GRANTED, and no further depositions may be taken of Mr. Bell or Mr. May.

Dated this 19th day of December, 2006.

s/ William C. Griesbach
William C. Griesbach
United States District Judge

3

Case 1:03-cv-00504-WCG   Filed 12/19/06   Page 3 of 3   Document 337